# Exhibit 1

IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH08821
Calendar, 2
24810389

STATE OF ILLINOIS
CIRCUIT COURT OF COOK COUNTY
CHANCERY DIVISION

| | | |
|---|---|---|
| Christine Mouser *individually and on behalf of all others similarly situated,* | ) | Case No. 2023CH08821 |
| | ) | |
| Plaintiff, | ) | Judge: |
| | ) | |
| -vs- | ) | |
| | ) | |
| Ingenio, LLC | ) | |
| | ) | |
| Defendant. | ) | |

## CLASS ACTION COMPLAINT

Now comes Plaintiff, Christine Mouser ("Plaintiff"), on behalf of herself and all other similarly situated, through Counsel, and pursuant to 735 ILCS §§ 5/2-801 and 2-802, and 740 ILCS § 740/14/15, against Defendant, Ingenio, LLC("Keen" or "Defendant"), its subsidiaries and affiliates, to redress and curtail Defendant's unlawful collections, obtainments, use, storage, and disclosure of Plaintiff's sensitive and proprietary biometric identifiers and/or biometric information (collectively referred to herein as "biometric data" and/or "biometrics"). Plaintiff alleges as follows upon personal knowledge as to herself, her own acts and experiences and, as to all other matters, upon information and belief including investigation conducted by her attorneys.

## NATURE OF THE ACTION

1. Keen is a website owned and operated by Ingenio, LLC which markets itself as a virtual platform where account holders may interact with, ask questions, and obtain guidance from professional psychics.

2. Plaintiff opened an account on Keen within the five (5) years immediately preceding the filing of this Complaint.

3. As part of signing up, and/or gaining access to her Keen account, Plaintiff was prompted

1

to allow Keen to collect her facial geometry, *i.e.,* her biometric information in order to verify her identity and ensure that she can meet the standards required by Keen in order to have access to the application.

4.   This verification process includes uploading a valid identification card such as a driver's license along with a photo and/or short video of the individual's facial features.

5.   This process utilizes facial recognition software that creates facial geometry scans.

6.   Facial geometry scans are unique, permanent biometric identifiers associated with each user that cannot be changed or replaced if stolen or compromised.

7.   Keen collects, stores, possesses, otherwise obtains, uses, and disseminates its users' biometric data.

8.   The Illinois legislature enacted BIPA to protect residents' privacy interests in their biometric data. *See Heard v. Becton, Dickinson & Co.,* 440 F. Supp. 3d 960, 963 (N.D. Ill. 2020), citing *Rosenbach v. Six Flags Entm't Corp.,* 2019 IL 123186, 432 Ill. Dec. 654, 129 N.E.3d 1197, 1199 (2019).

9.   Courts analogize an individual's privacy interest in their unique biometric data to their interest in protecting their private domain from invasion, such as from trespass. *See Bryant v. Compass Group USA, Inc.,* 958 F.3d 617, 624 (7th Cir. 2020), as amended on denial of reh'g and reh'g *en banc,* (June 30, 2020) and opinion amended on denial of reh'g *en banc,* 2020 U.S. App. LEXIS 20468, 2020 WL 6534581 (7th Cir. 2020).

10.   In recognition of these concerns over the security of individuals' biometrics – particularly in the City of Chicago, which has been selected by major national corporations as a "pilot testing site[] for new applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias" (740 ILCS 14/5(b)) – the Illinois

2

Legislature enacted the BIPA, which provides, inter alia, that a private entity like Keen may not obtain and/or possess an individual's biometrics unless it: (1) informs that person in writing that biometric identifiers or information will be collected or stored; (2) informs that person in writing of the specific purpose and length of term for which such biometric identifiers or biometric information is being collected, stored and used; (3) receives a written release from the person for the collection of his or her biometric identifiers or information; and (4) publishes publicly-available written retention schedules and guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15(a)-(b).

11. The Illinois Legislature has found that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/5(c). "For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." *Id.*

12. Keen is a "private entity" as that term is broadly defined by BIPA and is subject to all requirements of BIPA. *See* 740 ILCS § 14/10.

## JURISDICTION AND VENUE

13. This is a Class Action Complaint for violations of the Illinois Biometric Information Privacy Act (740 ILCS § 14/1 *et seq.*) brought pursuant to 735 ILCS §§ 5/2-801, 2-802 seeking statutory damages.

14. Venue is proper in this Court because a substantial amount of the acts and omissions giving rise to this Action occurred within this judicial district.

15. At all relevant times, Plaintiff is a resident of the state of Illinois and the violations of

3

BIPA as detailed herein occurred while Plaintiff was located in Illinois.

16. Keen markets directly to Illinois residents and does substantial business with users located in and residing within the State of Illinois.

17. Keen's marketing efforts include, but are not limited to, pay-per-click advertising, Facebook ads, Instagram ads, and other social media marketing campaigns targeted specifically at individuals residing within the City of Chicago and State of Illinois.

18. Keen's marketing efforts directed towards Illinois were a factor in Plaintiff's decision to open an account on Keen.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

19. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

20. Plaintiff opened an account on Keen within the five years immediately preceding the filing of this Complaint.

21. As part of signing up, and/or gaining access to her Keen account, Plaintiff was prompted to allow Keen to collect her facial geometry, *i.e.,* her biometric information in order to verify her identity and ensure that she can meet the standards required by Keen in order to have access to the application.

22. At the time of collecting and retaining Plaintiff's biometric information Keen had no written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric information when the initial purpose for collecting or obtaining such biometric information has been satisfied or within 3 years of the individual's last interaction with Keen, whichever occurs first.

23. Keen did not inform Plaintiff in writing that Keen was collecting or storing her biometric

4

information.

24. In fact, Keen made no mention of biometric information, collection of biometric information, or storage of biometric information.

25. Moreover, Keen did not inform Plaintiff in writing of the specific purpose and length of term for which her biometric information was being collected, stored, and used.

26. Keen collected, stored, and used Plaintiff's biometric information without ever receiving a written release executed by Plaintiff which would consent to or authorize Keen to do the same.

27. Additionally, Keen disclosed, redisclosed, or otherwise disseminated a Plaintiff's information (1) without Plaintiff's consent; (2) without Plaintiff's authorization to complete a financial transaction requested or authorized by; (3) without being required by State or federal law or municipal ordinance; or (4) without being required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction.

28. Keen's collection and retention of biometric information as described herein is not unique to Plaintiff and is instead part of Keen's policy and procedures which Keen applies to all of its users, including the Class Members.

## CLASS DEFINITIONS AND ALLEGATIONS

29. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

30. Plaintiff brings Claims for Relief in violation of BIPA as a class action on behalf of herself and all members of the following Class:

**All Illinois residents who had their biometric information collected by Defendant at any point in the five (5) years preceding the filing of this Complaint.**

31. In the alternative, and for the convenience of this Court and the parties, Plaintiff may

5

seek to certify other subclasses at the time the motion for class certification is filed.

32. **Numerosity**. The Class Members are so numerous that joinder of all members is impracticable. Plaintiff is informed and believes that there are more than 1,000 people who satisfy the definition of the Class.

33. **Existence of Common Questions of Law and Fact**. Common questions of law and fact exist as to Plaintiff and the Class Members including, but not limited to, the following:

a. Whether Keen possessed Plaintiff's and the Class Members' biometric identifiers or biometric information without first developing a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with Keen, whichever occurs first.

b. Whether Keen collected, captured, purchased, received through trade, or otherwise obtained Plaintiff's and the Class Members' biometric identifier or biometric information, without first: (1) informing Plaintiff and the Class Members in writing that a biometric identifier or biometric information is being collected or stored; (2) informing Plaintiff and the Class Members in writing of the specific purpose and length of term for which their biometric identifier or biometric information was being collected, stored, and used; and (3) receiving a written release executed by Plaintiff and the Class Members.

c. Whether Keen disclosed, redisclosed, or otherwise disseminated Plaintiff's and the Class Members' biometric identifiers or biometric information (1) without Plaintiff's and the Class Members' consent; (2) without Plaintiff's and the Class Members' authorization to complete a financial transaction requested or authorized by Plaintiff and the Class Members; (3) without being

6

required by State or Federal law or municipal ordinance; or (4) without being required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction.

d. The damages sustained and the proper monetary amounts recoverable by Plaintiff and the Class Members.

34. **Adequacy**. Plaintiff will fairly and adequately represent and protect the interests of the \ Class Members. Plaintiff has retained counsel competent and experienced in complex class actions.

35. **Appropriateness and Efficiency**. Class certification is also appropriate and efficient because questions of law and fact common to the Class Members predominate over questions affecting only individual members of the classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Keen's common and uniform policies and practices illegally deprived Plaintiff and the Class Members of the privacy protections which BIPA seeks to ensure; thus, making the question of liability and damages much more manageable and efficient to resolve in a class action, compared to hundreds of individual trials. The damages suffered by individual Class Members are small compared to the expense and burden of individual prosecution. In addition, class certification will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Keen's practices.

## COUNT ONE: VIOLATION OF 740 ILCS § 14/15(a)

36. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

37. A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the

7

initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first. Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines. 740 ILCS § 14/15(a).

38. As part of signing up, and/or gaining access to their Keen account, Plaintiff and the Class Members were prompted to allow Keen to collect their facial geometry, *i.e.,* their biometric information.

39. At the time of collecting and retaining Plaintiff's and the Class Members' biometric information, Keen had no written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric information when the initial purpose for collecting or obtaining such biometric information has been satisfied or within 3 years of the individual's last interaction with Keen, whichever occurs first.

40. As such, Keen's retention of Plaintiff's and the Class Members' biometric information was unlawful and in violation of 740 ILCS § 14/15(a).

## COUNT TWO: VIOLATION OF 740 ILCS § 14/15(b)

41. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

42. No private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first:

(1) informs the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored;

(2) informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

(3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative. 740 ILCS § 14/15(b).

43. Keen did not inform Plaintiff and the Class Members in writing that Keen was collecting or storing her biometric information.

44. In fact, Keen made no mention of biometric information, collection of biometric information, or storage of biometric information.

45. Moreover, Keen did not inform Plaintiff and the Class Members in writing of the specific purpose and length of term for which their biometric information was being collected, stored, and used.

46. Keen collected, stored, and used Plaintiff's and the Class Members' biometric information without ever receiving a written release executed by Plaintiff or the Class Members which would consent to or authorize Keen to do the same.

47. As such, Keen's collection of Plaintiff's and the Class Members' biometric information was unlawful and in violation of 740 ILCS § 14/15(c).

## COUNT THREE: VIOLATION OF 740 ILCS § 14/15(d)

48. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

49. No private entity in possession of a biometric identifier or biometric information may disclose, redisclose, or otherwise disseminate a person's or a customer's biometric identifier or biometric information unless:

(1) the subject of the biometric identifier or biometric information or the subject's legally authorized representative consents to the disclosure or redisclosure;

(2) the disclosure or redisclosure completes a financial transaction requested or authorized by the subject of the biometric identifier or the biometric information or the subject's legally authorized representative;

(3) the disclosure or redisclosure is required by State or federal law or municipal ordinance; or

(4) the disclosure is required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction. 740 ILCS § 14/15(d).

50. Keen's disclosures, redisclosures, or otherwise disseminating of Plaintiff's and the Class Members' biometric information was unlawful and in violation of 740 ILCS § 14/15(d).

**WHEREFORE**, individually, and on behalf of the Class Members, the Plaintiff prays for: (1) certification of this case as a class action appointing the undersigned counsel as class counsel; (2) a declaration that Keen has violated BIPA, 740 ILCS 14/1 *et seq*.; (3) statutory damages of $5,000.00 per violation for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Keen's violations of BIPA were not willful; (4) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); (5) actual damages; and (6) for any other relief deemed appropriate in the premises.

Dated: October 16th, 2023                    Respectfully submitted,


By: */s/ Michael L. Fradin*
Michael L. Fradin, Esq.
8 N. Court St. Suite 403
Athens, Ohio 45701
Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com

By: */s/ James L. Simon*
James L. Simon (*pro hac vice* forthcoming)
Simon Law Co.

10

11 ½ N. Franklin Street
Chagrin Falls, Ohio 44022
Telephone: (216) 816-8696
Email: james@simonsayspay.com